IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


STEVEN C. SPARKS                                              PLAINTIFF

v.                          Civil No. 09-5210

LARRY NORRIS, DIRECTOR,
ARKANSAS DEPARTMENT OF CORRECTIONS                           DEFENDANT


**O R D E R**

Now on this 20th day of September, 2010, comes on for consideration the **Report and Recommendation** (document #22) entered by United States Magistrate Judge Marschewski in this matter, and **Petitioner's Objection to Magistrates R. and R., (Doc. 22), With Statement of Necessity** (document #26). The Court, having carefully reviewed said Report and Recommendation (hereinafter "R & R") as well as Plaintiff's Objections thereto, finds as follows:

1.   Before this Court is the petitioner's Habeas Corpus Petition filed on October 1, 2009, pursuant to 28 U.S.C. § 2254.

2.   The petition arises out of petitioner's February 15, 2005 conviction by a Washington County, Arkansas jury of three counts of rape and three counts of terroristic threatening. The petitioner was sentenced to a total of 46 years imprisonment to be run consecutively with another sentence in Missouri.

3.   Section 2254 of Title 28 of the U.S. Code permits a prisoner in state custody to petition a federal court for a writ of habeas corpus "only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United
States."   28 U.S.C. § 2254(a).   In his Habeas petition, the
petitioner asserts:

    *   a confrontation violation;

    *   a compulsory process violation;

    *   ineffective assistance of counsel; and,

    *   trial court error.

    4.    The R & R recommends that the petition be dismissed with
prejudice.

    5.    The petitioner has filed objections to the R & R. The
objections are lengthy and tend to rehash each argument previously
made.   Although this order may not address *each* of the issues
presented in petitioner's twenty-nine (29) pages of handwritten
objections, the Court *has* reviewed each and every one.    The
following paragraphs address certain specific objections to the R
& R, which, among others, have been asserted by the petitioner.

    6.    The petitioner argues that the Magistrate Judge
incorrectly considered document 12 as his brief in reply to the
respondent's responsive pleading, instead of document 15. Although
the Court does recognize that the opening paragraph of the R & R
refers to the petitioner's reply as document 12, the Court, having
reviewed both documents, is certain that petitioner's document 15
-- or, as petitioner calls it, "traverse" -- was considered and
that delineation of the reply as document 12 was a mere misnomer.

Further, this Court has considered document 15 and finds that its contents do not change the outcome of the R & R.

7.    The petitioner questions the accuracy or authenticity of Exhibit B1, which was the subject of the motion docketed as document 13 and Judge Marschewski's Order docketed as document 20. In document 13, the respondent moved to substitute an exhibit originally filed as B1 to document 11.   In the motion, the respondent acknowledged that although the exhibit was identified as "Petitioner's 2007 Appellant Brief" the document actually filed was a 2006 appeal brief, and asked to substitute the proper document, an appeal brief dated February 26, 2007 in its place.  Although the petitioner objected to the motion, largely arguing authenticity, Judge Marschewski's Order docketed as document 20 allowed the substitution.

The Court, having reviewed both exhibits, finds that Judge Marschewski's order was clearly within the responsibilities given a Magistrate Judge under Local Rule 72.1 VIII. B.; and, from the face of the exhibits at issue, finds the substituted exhibit to be what the respondent purports it to be -- "Petitioner's 2007 Appellant Brief."

The petitioner also asserts that in his document 16 he attempted to supplement his petition due to the fact that he never received a copy of the March 20, 2006 "no merit" brief.  The Court does not agree that petitioner should be able to argue anew concerning the contents of the 2006 "no merit" brief -- that brief

was superceded by the 2007 brief as instructed by the Arkansas Court of Appeals, <u>Sparks v. State</u>, 2007 WL 172205 (2007) -- and, therefore, any "ineffective assistance of counsel" contained in the 2006 brief is of no moment.

8.    The petitioner rehashes  his  position  that his confrontation violation arguments have merit.  The Court, having reviewed the rulings by the trial court, finds no abuse of discretion by the trial court and agrees with the findings of the R & R.

9.    The petitioner also reasserts each of his arguments concerning ineffective assistance of counsel, including:

*  petitioner insists certain witnesses should have been called at trial.  However, although petitioner argues that "he did try" to bring the affidavits of the potential witnesses to the state court's attention, the Arkansas Supreme Court will not grant postconviction relief for ineffective assistance of counsel where the petitioner failed to show what the omitted testimony was and how it would have changed the outcome. *See* <u>Noel v. State</u>, 342 Ark. 35, 26 S.W.3d 123, 126 (2000).  Further, the statements contained in the affidavits submitted are conclusory and fail to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).

*  petitioner argues that his attorney failed to investigate whether certain audio and video tapes were altered -- the Court

agrees with Magistrate Judge Marschewski that there is no evidence to support this contention -- and that "[a]n attorney has no duty to investigate leads that do not appear to be fruitful."  Harvey v. United States, 850 F.2d 388, 403 (8th Cir. 1988).

* petitioner argues that his attorney was ineffective for not raising a speedy trial issue -- however, the petitioner was tried within the time required by the Interstate Agreement on Detainers.

10.  For the reasons set forth above, the Court finds that the Magistrate Judge's Report and Recommendation is well reasoned and is sound in all respects, and that it should be adopted *in toto*.

**IT IS THEREFORE ORDERED** that Plaintiff's **Objections** to the **Magistrate Judge's Report and Recommendation are overruled**.

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report and Recommendation is adopted *in toto***.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge's Report and Recommendation, plaintiff's petition under 28 U.S.C. § 2254 is hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

> /s/Jimm Larry Hendren
> **HON. JIMM LARRY HENDREN**
> **UNITED STATES DISTRICT JUDGE**